**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

DARREN JOHNSON,

       Plaintiff,

v.                                      Case No. 3:22-cv-11304

B. MADERY, et. al.,

       Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND THE JUDGMENT**

On June 7, 2022, Plaintiff filed a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1) along with an application to proceed without prepaying fees or costs (ECF No. 2). After reviewing Plaintiff's filings, on June 17, 2022, the court denied Plaintiff permission to proceed *in forma pauperis* or to file a civil rights complaint. (ECF No. 4.) In so doing, the court noted that Plaintiff's *in forma pauperis* application was subject to 28 U.S.C. § 1915(g) because he had on three or more prior occasions brought actions dismissed on grounds of frivolity, malice, or failure to state a claim upon which relief can be granted. The court additionally noted that, due to his lengthy and abusive litigation history of filing "scores of unmeritorious complaints," Plaintiff was further enjoined by another judge in this district from filing any new action without first obtaining leave of the court. *Johnson v. Schultz*, No. 2:22-cv-11056, 2022 WL 1569281, at *2 (E.D. Mich. May 18, 2022) (Murphy, J.). Dissatisfied with the court's ruling, on June 29, 2022, Plaintiff filed a motion to alter or amend the judgment. (ECF No. 5.) For the reasons that follow, that motion is denied.

1

The decision of whether to grant a motion to alter or amend judgment under Fed. R. Civ. P. 59 is discretionary with the district court. *Davis by Davis v. Jellico Cmty. Hosp., Inc.*, 912 F. 2d 129, 132 (6th Cir. 1990). A motion to alter or amend judgment will generally be granted if the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F. 3d 804, 834 (6th Cir. 1999); *see also Gritton v. Disponett*, 332 F. App'x 232, 238 (6th Cir. 2009). "A Rule 59 motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486, n.5 (2008) (additional quotation omitted)). Moreover, it is "well established" that Rule 59(e) relief is not warranted "when [a motion] is premised on evidence that the party had in his control prior to the original entry of judgment." *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 567 (6th Cir. 2016). Finally, a Rule 59(e) motion to alter or amend judgment is not a substitute for an appeal. *See Johnson v. Henderson*, 229 F. Supp. 2d 793, 796 (N.D. Ohio 2002).

Here, Plaintiff claims that the court failed to review the affidavit attached to his complaint, (ECF No. 1, PageID.18–20), in which he alleged he was in imminent danger of death or serious physical injury, thereby entitling him to proceed *in forma pauperis*. (ECF No. 5, PageID.103.) Plaintiff further claims, without elaboration, that his allegations have merit and are not repetitive of prior complaints. (Id.) Contrary to Plaintiff's belief, the court did review the affidavit, as well as all other supporting documentation, and determined after said review that Plaintiff failed to show that his

2

allegations had any merit and were not a repetition of his prior complaints.[1] (ECF No. 4.) Plaintiff is not now entitled to relief under Rule 59 merely because he disagrees with the court's assessment. Rule 59 does not permit parties to relitigate that which has already been decided against their favor. *Brumley*, 909 F.3d at 841. Because Plaintiff presents issues which were already ruled upon by this Court, either expressly or by reasonable implication when the Court denied Plaintiff permission to proceed *in forma pauperis* and summarily dismissed the complaint, Plaintiff's motion to amend the judgment must also be denied. *See Hence v. Smith*, 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999). Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter or Amend the Judgment (ECF No. 5) is DENIED.

s/Robert H. Cleland            /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  December 2, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 2, 2022, by electronic and/or ordinary mail.

s/Lisa Wagner            /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\EKL\Opinions & Orders\Staff Attorney\22-11304.JOHNSON.MotionToAmendJudgment.EKL.docx

---

[1] While not indicated in the court's initial opinion, Plaintiff's failure to formally seek permission to file his complaint, as ordered by Judge Murphy, *Johnson v. Schultz*, No. 2:22-cv-11056, 2022 WL 1569281, at *2 (E.D. Mich. May 18, 2022), could have been an independent ground for dismissal.